**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

—————————————————X
:
CINDY KUBIAK, on behalf of herself and all :
others similarly situated, :
:
                Plaintiff, : Civil Action No.
:
vs. : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
RAGAN & RAGAN, P.C., :
:
                Defendant. :
:
—————————————————X

Plaintiff CINDY KUBIAK (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant RAGAN & RAGAN, P.C.  ( "Defendant"), its employees, agents, and successors, the following:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Sussex County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Defendant RAGAN & RAGAN, P.C.  is a professional corporation

organized under the laws of the State of New Jersey with its principal place of business

located in Wall, New Jersey.

9.     Based upon information and belief, Defendant is a company or business that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received communications from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class consists of:

**Class 1**

- All New Jersey consumers to whom Defendant attempted to effectuate service by mail of a lawsuit filed in the Law Division of the Superior Court of New Jersey.

**Class 2**

- All New Jersey consumers to whom Defendant mailed a letter along with a copy of the summons and complaint for a lawsuit filed in the Law Division of the Superior Court of New Jersey, in which the letter contained the language "duly served" or implied that legal process had been effectuated.

**Class 3**

- All New Jersey consumers who received copies of motions filed in the Superior Court of New Jersey which contained false statements regarding service of process.

**Class 4**

- All New Jersey consumers who were defendants in cases filed in the Law Division of the Superior Court of New Jersey in which Ragan & Ragan, P.C. filed a an affidavit or certification representing that a reasonable and good faith attempt at personal service had been made when in fact no such reasonable and good faith attempt had been made.

**Class 5**

- All New Jersey consumers who were sued by Defendant on behalf of Crown Asset Management, LLC in which the complaint contains the language "costs of suit and attorneys fees to the extent as they are permitted by applicable law" or similar language.

- The Class period begins one year prior to the filing of this Action.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or

4

thousands of persons who were subject to communications by Defendant that violate specific provisions of the FDCPA. (*See* **Exhibits A, B and C,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA.

  b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

• Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

• Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

5

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## <u>STATEMENT OF FACTS</u>

12.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

13.    Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

14.    Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

15.    Prior to June 21, 2019, Plaintiff allegedly incurred a financial obligation to Citibank, N.A. ("the Debt" for the "Citibank Obligation").

16.    The Citibank obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The alleged Citibank Obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.    Citibank, N.A. is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.    At some time prior to June 21, 2019, the Citibank Obligation was transferred, sold or assigned to Crown Asset Management, LLC ("Crown"), a debt buyer of defaulted debts.

20.    Also, prior to June 21, 2019, the Citibank Obligation was transferred for purposes of collection from Crown Asset Management, LLC to Defendant law firm Ragan & Ragan, P.C. for purposes of collection.

21.    On or about January 15, 2019, Defendant, on behalf of its client Crown Asset Management, LLC, filed a lawsuit in the Superior Court of New Jersey, Sussex County, Law Division, against Plaintiff to recover on the Citibank Obligation in a case entitled Crown Asset Management, LLC v. Kubiak, SSX-L-00018-19 ("the State Court

Action").  A copy of the complaint for the State Court Action Complaint is attached as Exhibit A.

22.     On June 21, 2019, Defendant sent a cover letter to Plaintiff stating:

Enclosed herewith and **duly served upon you** please find the following:

1. Summons.
2. Complaint.

(emphasis added.) A copy of the June 21, 2019 cover letter is attached as Exhibit B.

23.     Defendant's June 21, 2019 letter was purportedly sent to Plaintiff via both regular and certified mail.

24.     On August 2, 2019, the State Court Action was dismissed sua sponte by the State Court for lack of prosecution.

25.     On September 11, 2019, Defendant filed a Motion to Reinstate the dismissed State Court Action and Enter Default against Plaintiff.  A copy of the motion is attached as Exhibit C.

26.     In support of the Motion to Reinstate, Defendant included a certification of W. Peter Ragan, Jr. Esq.  ("the Ragan Certification")

27.     The Ragan Certification certified that a single attempt had been made by the process server to serve Plaintiff at her residence at 110 Beemer Church Road, Sussex, New Jersey.  The Certification stated that the process server was unable to serve Plaintiff personally because the residence was vacant.   However, the Ragan Certification failed to include a certification from the process server attesting to this single effort to personally serve Plaintiff.  Instead, attached to the Ragan Certification was a single sheet of paper

from Guarantee Subpoena Service, Inc. indicating that Plaintiff had not been served on January 17, 2019. This letter from Guaranteed Subpoena was neither notarized nor certified, and clearly stated at the bottom "***THIS FORM DOES NOT CONSTITUTE A LEGAL DUE DILIGENCE AFFIDAVIT***". Although the letter is from Guaranteed Subpoena, paragraph 3 of the Ragan Certification states that the Summons and Complaint was sent to the Sheriff for Service.

28. Paragraph 4 the Ragan Certification indicates that Defendant had verified with the United Postal Service that Plaintiff's address at 110 Beemer Church Road, Sussex, NJ was "good as addressed."

29. Yet, despite Defendant's verification of the Beemer Church Road address as being good, Defendant made no further attempts to personally serve Plaintiff at that address.

30. Not only was Beemer Church Road address not vacant, but Plaintiff had been living at that address since approximately 2012.

31. Paragraph 5 of the Ragan Certification states that pursuant to New Jersey Rule of Courts, Rules R.4:4-3 and R.4:4-7, the summons and a copy of the complaint were mailed to Plaintiff on June 21, 2019 by certified mail and also by regular mail.

32. Yet, attached to the Motion to Reinstate is a USPS Certified Mail Tracking document showing that the certified mail copy of the June 21, 2019 letter was not in fact mailed on June 21, 2019 as attested to, **but rather five days later on June 26, 2019.**

33. Thus, the Ragan Certification was materially false in that it misrepresented the date the summons and complaint was sent via certified mail to Plaintiff.

34.     R.4:4-3 provides that service of a state court summons and complaint by certified mail, return receipt requested or by registered mail may be made only if personal service cannot be effected **after a reasonable and good faith attempt**, which shall be described with specificity in the proof of service required by R.4:4-7.

35.     According to R.4:4-7, the proof of service shall be promptly filed with the court within the time during which the person served must respond thereto.

36.     However, as required by R.4:4-7, Defendant never filed the proof of service within the 35 days of June 21, 2019, when Defendant claims to have mailed a copy of the summons and complaint to Plaintiff by certified mail and return receipt

37.      Furthermore, the Affidavit of Diligent Inquiry submitted by Defendant under R.4:4-3 and R.4:4-7 indicates that Defendant failed to make a reasonable and good faith attempt to personally serve Plaintiff, since only a single attempt to effectuate personal service was made.  Additionally, Defendant failed to include an affidavit from the process server indicating that such attempt was in fact made.

38.     Since Defendant never complied with its obligation to make a reasonable and good faith attempt to personally serve Plaintiff with a copy of the summons and complaint, service was never effectuated upon Plaintiff with Defendant's June 21, 2019 mailing of the summons and complaint.

39.     As such, Defendant's mailing of the June 21, 2019 cover letter along with a copy of the summons and complaint on June 21, 2019, did was not effectuate legal service.

40.     Thus, Defendant's representation in the June 21, 2019 letter that Plaintiff was "duly served" was false, misleading and/or deceptive.

41.     Defendant's representation that the summons and complaint was "duly served" was misleading in that it implied legal service was effectuated, when in fact it was not.

42.     Defendant's misrepresentation that the summons and complaint was "duly served" would have lead the least sophisticated consumer to believe that he or she would have been required to formally respond to the summons and complaint, when in fact there was no such legal obligation since the lawsuit was never properly served.

43.     Additionally, a copy of the State Court Complaint that was mailed to Plaintiff sought to collect "costs of suit and attorneys fees to the extent as they are permitted by applicable law."

44.     However, there is no applicable law permitting Defendant to collect attorney's fees.

45.     Thus, the complaint was false, misleading and deceptive in that it implied that Plaintiff may have been responsible for attorney's fees when these was not in fact the case.

46.     The communications sent by Defendant to Plaintiff were each sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

47.     These Communications to Plaintiff were each a "communication" as defined by 15 U.S.C. § 1692a(2).

48.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

49.     Plaintiff suffered actual harm by being the target of Defendant's

11

misleading debt collection communications.

50.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

51.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

52.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

53.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

54.     Defendant's collection communications provided confusing and incorrect information causing Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding her rights under the FDCPA.

55.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

56.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

57.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete

injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

58.    Plaintiff's receipt of a collection communication which provided incorrect, incomplete and confusing information constitutes a concrete injury.

59.    The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

60.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted his ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

61.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

62.    It is Defendant's policy and practice to send post-judgment communications, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    By making false representations of the character or legal status of a debt; and

(c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

63.    On information and belief, filed and served state court action complaints in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

64.     On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit B to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

65.     Plaintiff repeats the allegations contained in paragraphs 1 through 64 as if the same were set forth at length.

66.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

67.     By filing and sending the  communications described herein, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.  15 U.S.C. § 1692e(5) of the FDCPA by threatening to take or taking an action that could not legally be taken;

E.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. § 1692e(13) by falsely representing or implying that documents are legal process;

G. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

H. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff actual damages.

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         June 18, 2020

Respectfully submitted,


By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.

17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 18, 2020

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq

EXHIBIT A

File No. 17000179/DS
**RAGAN & RAGAN, PC**
W. Peter Ragan, Jr. (ID No. 019681996)
3100 Route 138 West
Brinley Plaza, Building One
Wall, New Jersey 07719
(732) 280-4100
Attorneys for Plaintiff(s)

| | |
|---|---|
| Crown Asset Management, LLC   assignee of Citibank, N.A. | SUPERIOR COURT OF NEW JERSEY SUSSEX COUNTY LAW DIVISION |
| Plaintiff. | |
| vs. | Civil Action / Contract |
| CINDY M KUBIAK | Docket No. |
| Defendant(s). | COMPLAINT |

The Plaintiff, Crown Asset Management, LLC   does hereby sue the Defendant and alleges:

1.     Citibank, N.A. allowed the Defendant  (SS No. ***-**-*694) to make purchases and/or obtain cash advances, incur late charges and/or pre-charge off interest, upon a certain account number ************8794 in the amount of $16,913.60.

2.     The Plaintiff, Crown Asset Management, LLC   has purchased this monetary obligation under account number ************8794.   The chain of title to this claim is as follows: Citibank, N.A. ; Crown Asset Management, LLC   . Thus the Plaintiff is the assignee of the original creditor.

3.     The Defendant has defaulted in repaying these monies and were thus unjustly enriched.

4.     The Plaintiff hereby sues the Defendant for monies not repaid in the amount of $16,913.60, plus costs.

        WHEREFORE judgment is demanded in favor of the Plaintiff against the Defendant in the amount of $16,913.60, plus costs of suit and attorneys fees to the extent as they are permitted by applicable law any other relief which the court deems appropriate.

        I certify that there are no other actions pending before this or any other court related to this action. R. 4.5-1. I also Certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

                                        **RAGAN & RAGAN, PC**
                                        Attorneys for Plaintiff,

Dated: January 15, 2019

                                         s/ W. Peter Ragan Jr.
                                        W. Peter Ragan, Jr., Esq.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  SEE 15 USC 1601, ET SEQ.; N.J.S.A.45:16, ET.SEQ

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division -
Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE : | CK   CG   CA |
| CHG / CK NO. | |
| AMOUNT : | |
| OVERPAYMENT: | |
| BATCH NUMBER : | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| W. Peter Ragan, Jr. | 732-280-4100 | SUSSEX |

| FIRM NAME (If applicable) Ragan & Ragan, P.C., Counsellors at Law | DOCKET NUMBER (When available) |
|---|---|

| OFFICE ADDRESS | DOCUMENT TYPE  COMPLAINT |
|---|---|
| 3100 RTE 138 W, Brinley Plaza Building One | |
| Wall NJ 07719 | JURY DEMAND     YES [ ]    NO [X] |

| NAME OF PARTY (e.g. John Doe, Plaintiff) | CAPTION |
|---|---|
| Crown Asset Management, LLC          , Plaintiff | Crown Asset Management, LLC   assignee of Citibank, N.A. Vs CINDY M KUBIAK |

| CASE TYPE NUMBER (See reverse side for listing)   502 | HURRICANE SANDY RELATED? YES [ ]    NO [ X ] | IS THIS A PROFESSIONAL MALPRACTICE CASE? [ ] YES  X NO IF YOU HAVE CHECKED "YES", SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|

| RELATED CASES PENDING?     YES [ ]    NO [X] | DOCKET NUMBERS | IF YES, LIST DOCKET NUMBERS |
|---|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?     YES [ ]    NO [X] | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY  (if known) None [ ]    Unknown [X_ |
|---|---|

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?     YES [X]    NO [ ] | IF YES, IS THAT RELATIONSHIP | |
|---|---|---|
| | [ ] EMPLOYER - EMPLOYEE     [ ] FRIEND / NEIGHBOR     [ ] OTHER (explain) | |
| | [ ] FAMILIAL     [X] BUSINESS | |

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?
YES [ ]    NO [X]

USE THIS SPACE TO ALERT THE COURT  TO ANY SPECIAL CASE  CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT  OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? YES [ ]    NO [X] | IF YES, PLEASE IDENTIFY  THE REQUESTED ACCOMMODATION: |
|---|---|

| WILL AN INTERPRETER BE NEEDED? YES [ ]    NO [X] | IF  YES, FOR WHAT LANGUAGE: |
|---|---|

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

ATTORNEY SIGNATURE:  January 15, 2019

s/ W. Peter Ragan Jr.

Effective 06/05/2017, CN 10517

page 1 of 1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track 1 -- 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT(debt collection matters only)
505 OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
506 PIP COVERAGE
510 UM or UIM CLAIM
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
999 OTHER (Briefly describe nature of action)

**Track II -- 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE - PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE -PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE - PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT - OTHER

**Track III -- 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV -- Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | |
|---|---|
| 271 ACCUTANE/ISOTRETINOIN | 291 PELVIC MESH/GYNECARE |
| 274 RISPERDAL/SEROQUEL/ZYPREXA | 292 PELVIC MESH/BARD |
| 278 ZOMETA/AREDIA | 293 DEPUY ASR HIP IMPLANT LITIGATION |
| 279 GADOLINIUM | 295 ALLODERM REGENERATIVE TISSUE MATRIX |
| 281 BRISTOL-MYERS SQUIBB ENVIRO | 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 282 FOSAMAX | 297 MIRENA CONTRACEPTIVE DEVICE |
| 285 STRYKER TRIDENT HIP IMPLANTS | 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 286 LEVAQUIN | 300  TALC-BASED BODY POWERS |
| 287 YAZ/YASMIN/OCELLA | 601 ASBESTOS |
| 288 PRUDENTIAL TOT LITIGATION | 623 PROPECIA |
| 289 REGLAN | 634 STRYKER LFIT COCR V40 FEMORAL HEADS |
| 290 POMPTON LAKES ENVIRONMENTAL LITIGATION | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Putative Class Action          ☐  Title 59

---



SIDE 2               **CIVIL CASE INFORMATION STATEMENT (CIS)**

Use for initial  pleadings (not motions) under Rule 4:5-1.

EXHIBIT B

# RAGAN & RAGAN

W. PETER RAGAN
W. PETER RAGAN, JR. *
ROY D. "CHIP" REAGIN, JR. ~
ANDRES GUTIERREZ de COS+^
GEORGE D. HARWOOD+#

* NJ & NY Bars
# VT Bar
^ DE Bar
~ GA Bar
+ Of Counsel

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
3100 ROUTE 138 WEST
BRINLEY PLAZA, BUILDING ONE
WALL, NJ 07719

TELEPHONE: (732) 280-4100
TOLL FREE (888) 484-4544
FACSIMILE: (732) 280-4112

Web: www.raganlaw.com
Email: service@raganlaw.com

June 21, 2019

CINDY M KUBIAK
110 BEEMER CHURCH RD
SUSSEX NJ 07461-2815

> Re:   <u>Crown Asset Management, LLC vs. CINDY M KUBIAK</u>
>       Docket No: L-18-19
>       Our File No. 17000179

Dear Sir or Madam:

Enclosed herewith and duly served upon you please find the following:

1. Summons.
2. Complaint.

Very truly yours,

*W. Peter Ragan, Jr.*

W. Peter Ragan, Jr.
WPRJR/DS
Enc.
Cert. Mail/R.R.R.
Regular Mail

E167

Exhibit "C"

EXHIBIT C

**RAGAN & RAGAN, PC**
W. Peter Ragan, Jr. (ID No. 019681996)
3100 Route 138 West
Brinley Plaza, Building One
Wall, New Jersey 07719
(732) 280-4100
Attorney for Plaintiff

_____

| | |
|---|---|
| Crown Asset Management, LLC assignee of Citibank, N.A. | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION-SUSSEX COUNTY |
| Plaintiff(s), | : |
| vs. | : Docket Number L-18-19 |
| | : |
| CINDY M KUBIAK | : Civil Action |
| Defendant(s) | : |
| | : |
| | : NOTICE OF MOTION TO VACATE THE |
| | : COURT'S DISMISSAL; REINSTATE MATTER |
| | : AND TO ENTER DEFAULT |
| | : |

TO: CINDY M KUBIAK 110 BEEMER CHURCH RD SUSSEX NJ 07461-2815

CINDY M KUBIAK I C/0 CLEARING SOLUTIONS, 2764 N. Green Valley Pkwy - Suite 380, Henderson , NV 89014-2120

TAKE NOTICE that the undersigned will apply to the above named Court on September 27, 2019, located at

Court House, 43-47 High St., Judicial Ctr, Newton, NJ 07860 for an Order to Vacate the Court's Dismissal,

Reinstate Matter, and Enter Default.

See Certification of W. Peter Ragan, Jr.

PLEASE TAKE FURTHER NOTICE, that the undersigned requests that this matter be submitted to the Court for

ruling on the papers submitted herewith if there is no request for oral argument by any of the parties hereto,

pursuant to R.1:6-2, and that a proposed form of Order is submitted herewith.

            **RAGAN & RAGAN, PC.**
            Attorney for Plaintiff,

Dated: September 5, 2019

            s/W. Peter Ragan, Jr.
            W. Peter Ragan, Jr., Esq.

Our File No. 17000179/DS

RAGAN & RAGAN, P.C.
W. Peter Ragan, Jr. (ID No. 019681996)
3100 RT. 138 WEST, BLDG ONE
WALL, NEW JERSEY 07719
(732) 280-4100
Attorneys for Plaintiff(s)

| | |
|---|---|
| Crown Asset Management, LLC  assignee of Citibank, N.A. | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff(s) | SUSSEX COUNTY |
| vs. | LAW DIVISION |
| CINDY M KUBIAK | Civil Action |
| Defendant(s) | Docket No. L-18-19 |
| | ORDER TO VACATING DISMISSAL, REINSTATING SUIT, AND ENTERING DEFAULT |

This matter being opened to the Court by W. Peter Ragan, Jr., a member of the firm of Ragan & Ragan, PC, attorneys for the Plaintiff upon Notice of Motion and the Court having considered the papers submitted:

IT IS ON THIS      DAY OF            , 20  ,

ORDERED that the Court ordered dismissal of the above captioned matter be and is hereby vacated.

IT IS FURTHER ORDERED that this matter be and is hereby reinstated to the active trial calendar and that default be and is hereby entered against the Defendant for failure to file an answer after being properly served.

_____
J.S.C.

PAPERS CONSIDERED:
_____Notice of Motion
_____Movant's Affidavits or Certifications
_____ Movant's Brief
_____ Answering Affidavits or Certifications
_____ Answering Brief
_____ Cross-Motion
_____ Movant's Reply
_____ Other

**RAGAN & RAGAN, PC**
Counsellors at Law
3100 Route 138 West
Brinley Plaza, Building One
Wall, New Jersey 07719
(732) 280-4100
Attorney for Plaintiff

| | |
|---|---|
| Crown Asset Management, LLC assignee of Citibank, N.A. | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION-SUSSEX COUNTY<br>: |
|       Plaintiff(s),<br>vs. | : Docket Number L-18-19<br>:<br>: Civil Action |
| CINDY M KUBIAK<br>      Defendant(s) | :<br>: CERTIFICATION OF W. PETER RAGAN,<br>: JR., ESQ., IN SUPPORT OF PLAINTIFF'S<br>: MOTION TO VACATE THE COURT'S<br>: DISMISSAL; REINSTATE MATTER<br>: AND TO ENTER DEFAULT |

W. PETER RAGAN, JR., of full age does hereby certify according to his oath that:

1. I am an attorney at law of the State of New Jersey and am a member of the firm of Ragan & Ragan, A Professional Corporation, attorneys for the plaintiff herein and as such I am duly authorized to make this Certification.

2. On January 15, 2019 a Complaint was filed in this matter and service was attempted shortly thereafter upon the Defendant(s).

3. The Summons and Complaint were sent to the Sheriff for service, and the process server advised that he was unable to serve the defendant personally with the Summons and Complaint as the residence was vacant. Attached hereto as Exhibit "A" is the process server's return of service.

4. I attempted to locate a forwarding address for the defendant and was unable to locate a forwarding address. I then sent a postal for 110 Beemer Church Rd., Sussex, NJ 07461. The postal came back good as addressed. A copy of the postal response is attached hereto as Exhibit "B".

5. Pursuant to R.4:4-3 and R.4:4-7, the Summons and a copy of the Complaint in this action were mailed to the defendant, Cindy M. Kubiak on June 21, 2019 at 110 Beemer Church Rd., Sussex, NJ 07461 by certified mail and also by regular mail. The certified mail was returned as "Unclaimed" on July 16, 2019, but the regular mail was not returned.

4. Under the date of August 2, 2019 , the Court dismissed the case for lack of prosecution.

5. More than 35 days have expired since the service of the Summons and Complaint and defendant(s) have failed to file a written answer with the Clerk of the Superior Court of New Jersey, Law Division, SUSSEX County, or otherwise enter an appearance.

6. Plaintiff therefore seeks to Vacate the Court's Dismissal, Reinstate this Matter and to have Default entered against the Defendant.

I HEREBY CERTIFY THAT the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

                                                  **RAGAN & RAGAN, PC.**
                                                  Attorney for Plaintiff,

Dated:September 5, 2019

                                                  s/W. Peter Ragan, Jr.
                                                  W. Peter Ragan, Jr., Esq.

20190116174814

Guaranteed Subpoena Service, Inc.
P.O. Box 2248 - Union, New Jersey 07083
(908) 687-0056   (800) 672-1952
Fax: (908) 688-0885 Tax ID 22-2393485
www.Served.com

**Received by**
**Ragan & Ragan, P.C.**

JAN 2 2 2019

**YOUR PROCESS 20190116174814** Was

RAGAN & RAGAN, PC
W. PETER RAGAN, JR., ESQ.
3100 ROUTE 138 WEST BRINLEY PLAZA -BUILDING ONE
WALL NJ 07719

**NOT SERVED!**

NOT Served Date/Time: 1/17/2019 4:03 PM

Visit us at www.SERVED.com to get the latest status of your process. Your FirmID is: WPR

| | |
|---|---|
| NOT Served Upon: | **CINDY M. KUBIAK** |
| At HOME : | **110 BEEMER CHURCH ROAD  SUSSEX NJ 07461** |
| | unserved notice |
| In the Case/Docket: | **SSX L 18 19**   Claim: **17000179** |
| Plaintiff: | **CROWN ASSET MANAGEMENT, LLC ASSIGNEE OF CITIBANK, NA** |
| Defendant: | **CINDY M. KUBIAK** |
| Attorney: | **W. PETER RAGAN, JR., ESQ.** Phone: **7322804100** Fax: **7322804112** Email: **WPR@RAGANLAW.COM** |
| Firm: | **RAGAN & RAGAN, PC** |
| | **3100 ROUTE 138 WEST  BRINLEY PLAZA -BUILDING ONE WALL NJ 07719** |

**VIDEO OF OUR ATTEMPTS ARE FREQUENTLY AVAILABLE AT A REASONABLE COST**
**EFFECTIVE 8/6/18 - WHEN AND WHERE AVAILABLE**

## AUTHORIZATION FOR ADVANCED SEARCH

Note: all investigative work is performed by Spartan Detective Agency, NJ License 2382
To order search check desired box, sign authorization and fax back to us immediately at **888-224-4405**
*PLEASE BE ADVISED THAT IF THE SOCIAL SECURITY NUMBER OR TAX ID IS NEEDED FOR A SEARCH THERE WILL BE A $50 FEE.

[ ] Social Security Search $55 find or no find

[X]* Affidavit of Due Diligence $40 NJ only, $55 other states

[X] Skip Search* - $75.00 - no find, no pay

[ ] Corporate Search - $85 anywhere in U.S.

[ ] Postal Forwarding $30 anywhere in U.S

[ ] (SDA) Stake Out/Inv $125/hr | (GSS) - Wait Time $100/hr (NJ)
$150/hr Out of State (circle one) - Auth Hours _____

[ ] DMV - MVC $80 NJ only, $110 other states

[ ] VIDEO EVIDENCE $79.99 If available

AUTHORIZING SIGNATURE _____   DATE _____

PLEASE FAX SIGNED AUTHORIZATION TO (888) 224-4405 OR CALL (877) SDA-2009 TO REACH SPARTAN DETECTIVE AGENCY
OR CALL (800) 672-1952 TO REACH GUARANTEED SUBPOENA SERVICE
We were unable to serve your process for the following reason:
THE PROPERTY AT THE GIVEN SUSSEX, NJ LOCATION IS VACANT.

***THIS FORM DOES NOT CONSTITUTE A LEGAL DUE DILIGENCE AFFIDAVIT***
The specific reasons for failure to serve are available from us in an Affidavit Form, Signed and Notarized for $35 in NJ and $50 in all other states. Check
the box above and return for the affidavit.

Exhibit "A"

W. PETER RAGAN
W. PETER RAGAN, JR. *
ROY D. "CHIP" REAGIN, JR. ~
ANDRES GUTIERREZ de COS+^
GEORGE D. HARWOOD+#

* NJ & NY Bars
# VT Bar
^ DE Bar
~ GA Bar
+ Of Counsel

## RAGAN & RAGAN

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
3100 ROUTE 138 WEST
BRINLEY PLAZA, BUILDING ONE
WALL, NJ 07719

TELEPHONE: (732) 280-4100
TOLL FREE (888) 484-4544
FACSIMILE: (732) 280-4112

**Received by
Ragan & Ragan, P.C.**

**JUN 2 0 2019**

Web: www.raganlaw.com
Email: service@raganlaw.com

June 14, 2019

Postmaster
United States Post Office
SUSSEX NJ 07461-2815

Our File No: **17000179/lr**

**REQUEST FOR CHANGE OF ADDRESS NEEDED FOR SERVICE OF LEGAL PROCESS**
Please furnish the new address or the name and street address (if a boxholder) for the following:

Name:     CINDY M KUBIAK
Address:   110 BEEMER CHURCH RD
              SUSSEX NJ 07461-2815

NOTE: The name and last known address are required for change of address information. The name, if known, and post office box address are required for boxholder information.
The following information is provided in accordance with 39 CFR 265.6(d)(6)(8). There is no fee for providing boxholder information. The fee for providing change of address information is waived in accordance with 39 CFR 265.6(d)(1) and (2) and corresponding Administrative Support Manual 352.44a & b.

1. Capacity of requester (e.g., process server, attorney, party representing himself): Attorney.
2. Statute or regulation that empowers me to serve process (not required when requester is an attorney or a party acting pro se - except a corporation acting pro se must cite statute): N/A.
3. The names of all known parties to the litigation: (1) Crown Asset Management, LLC; (2) CINDY M KUBIAK
4. The court in which the case has been or will be heard: Superior Court of NJ, Law Division, SUSSEX County.
5. The Docket or other Identifying number if one has been issued: Docket No. L-18-19.
6. The capacity in which this individual is to be served (e.g., defendant or witness: defendant.

**WARNING**
THE SUBMISSION OF FALSE INFORMATION TO OBTAIN AND USE CHANGE OF ADDRESS INFORMATION OR BOXHOLDER INFORMATION FOR ANY PURPOSE OTHER THAN THE SERVICE OF LEGAL PROCESS IN CONNECTION WITH ACTUAL OR PROSPECTIVE LITIGATION COULD RESULT IN CRIMINAL PENALTIES INCLUDING A FINE OF UP TO $10,000 OR IMPRISONMENT OR (2) TO AVOID PAYMENT OF THE FEE FOR CHANGE OF ADDRESS INFORMATION OF NOT MORE THAN 5 YEARS, OR BOTH (TITLE 18 U.S.C. SECTION 1001).
I certify that the above information is true and that the address information is needed and will be used solely for service of legal process in connection with actual or prospective litigation.

RAGAN & RAGAN, PC

Ragan & Ragan, P.C.

3100 Rte. 138 West
Brinley Plaza, Building 1
Wall, New Jersey 07719

**FOR POST OFFICE USE ONLY:**

☒ Good As Addressed

___No Change Of Address Order on File.

___NEW ADDRESS, or BOXHOLDER'S POSTMARK

___Moved, Left No Forwarding Address

___No Such Address

___Not Known At Address Given

e858 Our File No: **17000179/lr**

NAME AND NEW STREET ADDRESS

_____

_____

_____

Exhibit "B"

W. PETER RAGAN
W. PETER RAGAN, JR. *
ROY D. "CHIP" REAGIN, JR. ~
ANDRES GUTIERREZ de COS+^
GEORGE D. HARWOOD+#

* NJ & NY Bars
# VT Bar
^ DE Bar
~ GA Bar
+ Of Counsel

**RAGAN & RAGAN**

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
3100 ROUTE 138 WEST
BRINLEY PLAZA, BUILDING ONE
WALL, NJ 07719

TELEPHONE: (732) 280-4100
TOLL FREE (888) 484-4544
FACSIMILE: (732) 280-4112

Web: www.raganlaw.com
Email: service@raganlaw.com

June 21, 2019

CINDY M KUBIAK
110 BEEMER CHURCH RD
SUSSEX NJ 07461-2815

     Re:    <u>Crown Asset Management, LLC vs. CINDY M KUBIAK</u>
             Docket No: L-18-19
             Our File No. 17000179

Dear Sir or Madam:

Enclosed herewith and duly served upon you please find the following:

    1. Summons.
    2. Complaint.

Very truly yours,

*W. Peter Ragan, Jr.*

W. Peter Ragan, Jr.
WPRJR/DS
Enc.
Cert. Mail/R.R.R.
Regular Mail

E167

Exhibit "C"

File No. 17000179

**RAGAN & RAGAN, PC**
W. Peter Ragan, Jr. (ID No. 019681996)
3100 Route 138 West
Brinley Plaza, Building One
Wall, New Jersey 07719
(732) 280-4100
Attorneys for Plaintiff(s)

| Crown Asset Management, LLC | SUPERIOR COURT OF NEW JERSEY |
| | SUSSEX COUNTY |
| Plaintiff(s) | LAW DIVISION |
| vs. | |
| | Civil Action |
| CINDY M KUBIAK | |
| Defendant(s) | Docket No. L-18-19 |
| | SUMMONS |

FROM THE STATE OF NEW JERSEY TO THE DEFENDANT(S) NAMED ABOVE:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided). If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 for Law Division and $175.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office of  by calling . If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling the Lawyer Referral Service of  by calling .

DATED: June 21, 2019

*Michelle M. Smith*

Michelle M. Smith
Clerk of the Superior Court

Name and Address of the Defendant(s) to be served

CINDY M KUBIAK,
110 BEEMER CHURCH RD
SUSSEX NJ 07461-2815

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section
Justice Center, 10 Main Street Room 119
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
ATTN: Judicial Intake
First Floor, Court Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Floor, Hall of Records
101 S. Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
9 N. Main Street Box DN-209
Cape May Courthouse, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., PO Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
**GLOUSTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
ATTN: Intake
First Fl. Court House
1 North Broad Street, PO Box 129
LAWYER REFERRAL

(609) 848-4589
LEGAL SERVICES
(609) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House-1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad St., PO Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(908) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building Third Floor
1 Kennedy Sq., PO Box 2633
New Brunswick, NJ 08903
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
PO Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Place, PO Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Square
Patterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., PO Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 678-8363
LEGAL SERVICES
(609) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Floor
PO Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Floor Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 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
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICE

## Certified Mail Electronic Delivery Confirmation™



Ragan and Ragan PC
3100 STATE ROUTE 138 STE 1
BRINLEY PLAZA
WALL TOWNSHIP NJ 07719-9021

US POSTAGE AND FEES PAID
**FIRST-CLASS**
Jun 26 2019
Mailed from ZIP 07719
1 oz First-Class Mail Letter



071S00777793

**USPS CERTIFIED MAIL**

**9407 1108 9876 5038 0037 17**

Cindy M Kubiak
110 BEEMER CHURCH RD
SUSSEX NJ 07461-2815

| | |
|---|---|
| Reference | 17000179 MR |
| USPS # | 9407110898765038003717 |
| USPS Mail Class | Certified with Electronic Delivery Confirmation |
| USPS Status | Your item has been delivered to the original sender at 12:09 pm on July 24, 2019 in BELMAR, NJ 07719. |
| USPS History | Arrived at Unit, July 24, 2019, 8:41 am, BELMAR, NJ 07719 |
| | Departed USPS Regional Origin Facility, July 23, 2019, 3:16 pm, TRENTON NJ DISTRIBUTION CENTER |
| | Arrived at USPS Regional Origin Facility, 07/23/2019, 10:40 am, TRENTON NJ DISTRIBUTION CENTER |
| | Departed USPS Regional Destination Facility, 07/23/2019, 12:31 am, TETERBORO NJ DISTRIBUTION CENTER |
| | Unclaimed/Being Returned to Sender, July 16, 2019, 7:12 am, SUSSEX, NJ 07461 |
| | Reminder to Schedule Redelivery of your item |
| | Notice Left (No Authorized Recipient Available), 06/29/2019, 12:27 pm, SUSSEX, NJ 07461 |
| | Out for Delivery, June 29, 2019, 8:20 am, SUSSEX, NJ 07461 |
| | Sorting Complete, June 29, 2019, 8:10 am, SUSSEX, NJ 07461 |
| | Arrived at Unit, June 29, 2019, 6:58 am, SUSSEX, NJ 07461 |
| | Arrived at USPS Regional Destination Facility, 06/28/2019, 1:21 pm, TETERBORO NJ DISTRIBUTION CENTER |
| | In Transit to Next Facility, 06/28/2019 |
| | Departed USPS Regional Facility, June 27, 2019, 8:16 pm, TRENTON NJ DISTRIBUTION CENTER |

**Electronic Delivery Confirmation Report © 2019 Certified Mail Envelopes, Inc. All rights reserved.**
The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post Office or online at www.USPS.com. USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved.
**Report Design Copyright 2019** Certified Mail Envelopes, Inc. www.Certified-Mail-Labels.com www.Certified-Mail-Envelopes.com
**Date Verified: 07/25/2019 (UTC)**

NJ DISTRIBUTION CENTER

Accepted at USPS Origin Facility, June 27, 2019, 6:56 pm, BELMAR, NJ 07719

Shipping Label Created, USPS Awaiting Item, June 26, 2019, 10:28 am, BELMAR, NJ 07719

**Electronic Delivery Confirmation Report © 2019 Certified Mail Envelopes, Inc. All rights reserved.**

The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post Office or online at www.USPS.com. USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved. **Report Design Copyright 2019** Certified Mail Envelopes, Inc. www.Certified-Mail-Labels.com www.Certified-Mail-Envelopes.com **Date Verified: 07/25/2019 (UTC)**

**RAGAN & RAGAN, PC**
Counsellors at Law
3100 Route 138 West
Brinley Plaza, Building One
Wall, New Jersey 07719
(732) 280-4100
Attorney for Plaintiff

| Crown Asset Management, LLC assignee of Ciitbank, N.A. | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION-SUSSEX COUNTY |
|---|---|
| | : |
| Plaintiff(s), | : Docket Number L-18-19 |
| vs. | : |
| | : Civil Action |
| CINDY M KUBIAK | : |
| Defendant(s) | : |
| | : |
| | : CERTIFICATION OF SERVICE |
| | : |
| | : |

W. PETER RAGAN, JR., of full age does hereby certify according to his oath that:

1. I am an attorney at law of the State of New Jersey and am a member of the firm of Ragan & Ragan, A Professional Corporation, attorneys for the plaintiff herein and as such I am duly authorized to make this Certification.

2. On September 5, 2019 I caused a copy of a Notice of Motion, Certification of W. Peter Ragan, Jr., and proposed form of Order to be placed in the mail to the defendant at the following addresses and also to be sent via Certified Mail.

> CINDY M KUBIAK 110 BEEMER CHURCH RD SUSSEX NJ 07461-2815
> CINDY M KUBIAK I C/0 CLEARING SOLUTIONS, 2764 N. Green Valley Pkwy - Suite 380, Henderson, NV 89014-2120

3. I certify that the foregoing statements made by me are true; I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

**RAGAN & RAGAN, PC.**
Attorney for Plaintiff,

Dated: September 5, 2019

s/W. Peter Ragan, Jr.
W. Peter Ragan, Jr., Esq.

**Our File No. 17000179/DS**

**RAGAN & RAGAN, P.C.**
W. Peter Ragan, Jr. (ID No. 019681996)
3100 RT. 138 WEST, BLDG. ONE
WALL, NEW JERSEY 07719(732) 280-4100
Attorney For Plaintiff(s)

| | |
|---|---|
| Crown Asset Management, LLC<br>Plaintiff, | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION-SUSSEX COUNTY |
| vs. | : |
| CINDY M KUBIAK | : Docket Number L-18-19 |
| Defendant(s) | :<br>: CERTIFICATION OF DILIGENT<br>: INQUIRY PURSUANT TO<br>: R.4:4-3 AND R. 4:4-7 |
| | :<br>: |

W. Peter Ragan, Jr., of full age, does hereby certify according to law, and says that:

1. I am an attorney at law of the State of New Jersey, a partner of the firm of Ragan & Ragan, attorneys for the plaintiff in the above captioned matter, and have full charge and supervision over this matter.

2. Suit was filed on January 15, 2019 and Summons and Complaint were issued to a process server for service. The process server attempted service at the given address of 110 Beemer Church Rd., Sussex, NJ 07461, but was unsuccessful indicating that the residence was vacant. A copy of the return of service is attached hereto as Exhibit "A".

3. Inquiry of the Post Office discloses that the defendant(s) does presently reside at the above address. A copy of the postal response is attache hereto as Exhibit "B".

4. The deponent makes this Certification for the purpose of serving the defendant(s) by certified mail, return receipt requested pursuant to R.4:4-3 and R.4:4-7.

I certify that the foregoing statements by me are true; I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: September 5, 2019

RAGAN & RAGAN, PC
Attorneys for Plaintiff

By s/W. Peter Ragan, Jr.
W. Peter Ragan, Jr.

P601

20190116174814

Guaranteed Subpoena Service, Inc.
P.O. Box 2248 - Union, New Jersey 07083
(908) 687-0056  (800) 672-1952
Fax: (908) 688-0885 Tax ID 22-2393485
www.Served.com

**Received by**
**Ragan & Ragan, P.C.**

JAN 2 2 2019

**YOUR PROCESS 20190116174814 Was**

RAGAN & RAGAN, PC
W. PETER RAGAN, JR., ESQ.
3100 ROUTE 138 WEST  BRINLEY PLAZA -BUILDING ONE
WALL NJ 07719

**NOT SERVED!**

NOT Served Date/Time: 1/17/2019 4:03 PM

Visit us at www.SERVED.com to get the latest status of your process. Your FirmID is: WPR

NOT Served Upon:  **CINDY M. KUBIAK**
At HOME ;  **110 BEEMER CHURCH ROAD  SUSSEX NJ 07461**
In the Case/Docket:  **SSX L 18 19  Claim: 17000179** — Unserve notice
Plaintiff:  **CROWN ASSET MANAGEMENT, LLC ASSIGNEE OF CITIBANK, NA**
Defendant:  **CINDY M. KUBIAK**
Attorney:  **W. PETER RAGAN, JR., ESQ.**  Phone: **7322804100**  Fax: **7322804112**  Email:
**WPR@RAGANLAW.COM**
Firm:  **RAGAN & RAGAN, PC**
**3100 ROUTE 138 WEST  BRINLEY PLAZA -BUILDING ONE WALL NJ 07719**

VIDEO OF OUR ATTEMPTS ARE FREQUENTLY AVAILABLE AT A REASONABLE COST
EFFECTIVE 8/6/18 - WHEN AND WHERE AVAILABLE

# AUTHORIZATION FOR ADVANCED SEARCH

Note: all investigative work is performed by Spartan Detective Agency, NJ License 2392
To order search check desired box, sign authorization and fax back to us immediately at **888-224-4405**
*PLEASE BE ADVISED THAT IF THE SOCIAL SECURITY NUMBER OR TAX ID IS NEEDED FOR A SEARCH THERE WILL BE A $50 FEE.

[ ] Social Security Search $55 find or no find            [ X ]* Affidavit of Due Diligence $40 NJ only, $55 other states

[ X ] Skip Search* - $75.00 - no find, no pay            [ ] Corporate Search - $85 anywhere in U.S.

[ ] Postal Forwarding $30 anywhere in U.S            [ ] (SDA) Stake Out/Inv $125/hr | (GSS) - Wait Time $100/hr (NJ)
                                                     $150/hr Out of State (circle one) - Auth Hours ____
[ ] DMV - MVC $60 NJ only, $110 other states

[ ] VIDEO EVIDENCE $79.99 if available                ____/____/____
                                                     AUTHORIZING SIGNATURE            DATE

PLEASE FAX SIGNED AUTHORIZATION TO (888) 224-4405 OR CALL (877) SDA-2009 TO REACH **SPARTAN DETECTIVE AGENCY**
OR CALL (800) 672-1952 TO REACH **GUARANTEED SUBPOENA SERVICE**
We were unable to serve your process for the following reason:
THE PROPERTY AT THE GIVEN SUSSEX, NJ LOCATION IS VACANT.

***THIS FORM DOES NOT CONSTITUTE A LEGAL DUE DILIGENCE AFFIDAVIT***
The specific reasons for failure to serve are available from us in an Affidavit Form, Signed and Notarized for $35 in NJ and $50 in all other states. Check
the box above and return for the affidavit.

Exhibit "A"

W. PETER RAGAN
W. PETER RAGAN, JR. *
ROY D. "CHIP" REAGIN, JR. ~
ANDRES GUTIERREZ de COS+^
GEORGE D. HARWOOD+#

* NJ & NY Bars
# VT Bar
^ DE Bar
~ GA Bar
+ Of Counsel

## RAGAN & RAGAN

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
3100 ROUTE 138 WEST
BRINLEY PLAZA, BUILDING ONE
WALL, NJ 07719

TELEPHONE: (732) 280-4100
TOLL FREE (888) 484-4544
FACSIMILE: (732) 280-4112

**Received by
Ragan & Ragan, P.C.**

JUN 20 2019

Web: www.raganlaw.com
Email: service@raganlaw.com

June 14, 2019

Postmaster                                    Our File No: **17000179/lr**
United States Post Office
SUSSEX NJ 07461-2815

**REQUEST FOR CHANGE OF ADDRESS NEEDED FOR SERVICE OF LEGAL PROCESS**
Please furnish the new address or the name and street address (if a boxholder) for the following:

Name:        CINDY M KUBIAK
Address:     110 BEEMER CHURCH RD
             SUSSEX NJ 07461-2815

NOTE: The name and last known address are required for change of address information. The name, if known, and post office box address are required for boxholder information.
The following information is provided in accordance with 39 CFR 265.6(d)(8)(ii). There is no fee for providing boxholder information. The fee for providing change of address information is waived in accordance with 39 CFR 265.6(d)(1) and (2) and corresponding Administrative Support Manual 352.44a & b.

1. Capacity of requester (e.g., process server, attorney, party representing himself): Attorney.
2. Statute or regulation that empowers me to serve process (not required when requester is an attorney or a party acting pro se - except a corporation acting pro se must cite statute): N/A.
3. The names of all known parties to the litigation: (1) Crown Asset Management, LLC; (2) CINDY M KUBIAK
4. The court in which the case has been or will be heard: Superior Court of NJ, Law Division, SUSSEX County.
5. The Docket or other identifying number if one has been issued: Docket No. L-18-19.
6. The capacity in which this individual is to be served (e.g., defendant or witness: defendant.

**WARNING**
THE SUBMISSION OF FALSE INFORMATION TO OBTAIN AND USE CHANGE OF ADDRESS INFORMATION OR BOXHOLDER INFORMATION FOR ANY PURPOSE OTHER THAN THE SERVICE OF LEGAL PROCESS IN CONNECTION WITH ACTUAL OR PROSPECTIVE LITIGATION COULD RESULT IN CRIMINAL PENALTIES INCLUDING A FINE OF UP TO $10,000 OR IMPRISONMENT OR (2) TO AVOID PAYMENT OF THE FEE FOR CHANGE OF ADDRESS INFORMATION OF NOT MORE THAN 5 YEARS, OR BOTH (TITLE 18 U.S.C. SECTION 1001).
I certify that the above information is true and that the address information is needed and will be used solely for service of legal process in connection with actual or prospective litigation.

RAGAN & RAGAN, PC                        3100 Rte. 138 West
                                          Brinley Plaza, Building 1
*Ragan & Ragan, P.C.*                     Wall, New Jersey 07719

**FOR POST OFFICE USE ONLY:**                NAME AND NEW STREET ADDRESS

_X_ Good As Addressed

___ No Change Of Address Order on File.

___ NEW ADDRESS, or BOXHOLDER'S POSTMARK

___ Moved, Left No Forwarding Address

___ No Such Address

___ Not Known At Address Given

e858 Our File No: **17000179/lr**

Exhibit "B"